IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FARIDA K., ) | |
| ) | No. 20 C 4492 |
| Plaintiff, ) | |
| ) | Magistrate Judge M. David Weisman |
| v. ) | |
| ) | |
| KILOLO KIJAKAZI, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Farida K. appeals the Acting Commissioner's decision denying her application for Social Security benefits. For the reasons set forth below, the Court affirms the Acting Commissioner's decision.

### Background

On March 22, 2017, plaintiff filed an application for benefits, which was denied initially, on reconsideration, and after a hearing. (R. 24-43, 112, 122.) The Appeals Council declined review (R. 1-3), leaving the ALJ's decision as the final decision of the Acting Commissioner reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

### Discussion

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous,

it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002) (citation omitted).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(a). The Acting Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity to perform her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four. 20 C.F.R. § 404.1560(c)(2); *Zurawski*, 245 F.3d at 886. If that burden is met, at step five, the burden shifts to the Acting Commissioner to establish that the claimant is capable of performing work existing in significant numbers in the national economy. 20 C.F.R. § 404.1560(c)(2).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity from the alleged disability onset date, December 31, 2011, through her date last insured ("DLI"), June 30, 2015. (R. 26.) At step two, the ALJ determined that, through the DLI, plaintiff had the severe impairments of anemia, vestibular system disorder (vertigo), obesity, major depressive disorder, and generalized anxiety disorder. (R. 27.) At step three, the ALJ found that, through the DLI, plaintiff did not have an impairment or combination of impairments that met or medically

2

equaled the severity of one of the listed impairments. (*Id.*) At step four, the ALJ found that, through the DLI, plaintiff could not perform any past relevant work but had the RFC to perform light work with certain exceptions. (R. 30-41.) At step five, the ALJ found that, through the DLI, jobs existed in significant numbers in the national economy that plaintiff could have performed, and thus she was not disabled. (R. 41-43.)

Plaintiff argues that the ALJ erred in rejecting the opinions of consulting expert, Dr. Samardzija. (*See* R. 39.) Dr. Samardzija opined that plaintiff's ability to relate to other, understand, remember, and follow simple directions, maintain attention required to perform simple, repetitive tasks, sustain concentration, persistence, and pace, and withstand the stress and pressures associated with day-to-day work activity was "[v]ery [p]oor." (R. 1535.) The doctor further said that plaintiff had a marked limitation in her ability to understand, remember, and carry out simple instructions and make simple work-related decisions and an extreme limitation in her ability to understand, remember, and carry out complex instructions, make complex work-related decisions, and interact with others. (R. 1542-43.) Dr. Samardzija based these opinions on the results of a memory test she administered, which showed that plaintiff's memory was "grossly impaired" and suggested she may have delusional thoughts. (R. 1542.) Dr. Samardzija said these limitations had "[p]ossibly" been present since 2010, when plaintiff's husband allegedly left her, though the doctor was unsure if that was the correct year. (R. 1543.) The ALJ gave "little weight" to the doctor's opinions because they were rendered more than three years after plaintiff's DLI, the doctor "speculated" as to the date the limitations began, and the only objective evidence on which the opinions were based, the results of a memory test, was deemed suspect by testifying expert, Dr. Monis. (R. 39.)

Plaintiff contends that the ALJ's assessment of Dr. Samardzija's opinions runs afoul of the Seventh Circuit's decision in *Bjornson v. Astrue*, 671 F.3d 640 (7th Cir. 2012). The ALJ in *Bjornson* had considered post-DLI evidence in determining that plaintiff was not disabled. *Id.* at 642. On appeal, the Commissioner argued that all post-DLI evidence was irrelevant, an argument the court said was "both . . . factually mistaken and violate[d] the *Chenery* rule, because the administrative law judge ruled that post-[DLI] medical data *could* be considered." *Id.* (emphasis in original). Thus, *Bjornson* does not hold that an ALJ's refusal to consider post-DLI evidence is a violation of *Chenery*, as plaintiff suggests. The *Chenery* rule is a doctrine related to administrative review principles in general, not a substantive principle of law related to Social Security review. Rather, the *Bjornson* court said the Commissioner's argument in that case that post-DLI evidence was irrelevant violated *Chenery* because it was not an argument on which the ALJ had relied. *Id.*; *see Parker v. Astrue*, 597 F.3d 920, 922 (7th Cir. 2010) (stating that "the *Chenery* doctrine . . . forbids an agency's lawyers to defend the agency's decision on grounds that the agency itself had not embraced").

Alternatively, plaintiff argues that it was error for the ALJ to reject Dr. Samardzija's opinions simply because they were rendered post-DLI. The Court would agree, if that were the ALJ's sole rationale for disregarding the doctor's opinions. But it was not. Rather, the ALJ gave little weight to the opinions because Dr. Samardzija could not say how long plaintiff had suffered from the limitations she found. (R. 39; *see* R. 1543 (Dr. Samardzija stating that plaintiff's limitations "possibly" started when her husband left her in 2010, but she was "not certain" if that was accurate).) Because an ALJ must consider post-DLI evidence only if it "shed[s] light on [plaintiff's] impairments and disabilities" during the insured period, *Million v. Astrue*, 260 F.

4

App'x 918, 921-22 (7th Cir. 2008), and Dr. Samardzija's opinions do not, the ALJ's rejection of them was not error.[1]

Next, plaintiff asserts that the ALJ should not have given more weight to the opinions of testifying expert Dr. Monis, than to those of Dr. Samardzija, who had examined plaintiff. Among other things, Dr. Monis said that plaintiff's scores on the Wechsler Memory Scale, which Dr. Samardzija had administered, were unreliable because they suggested plaintiff had dementia or a severe brain injury that rendered her unable to converse or function. (R. 96-97.) The ALJ credited this testimony because Dr. Monis reviewed the entire record, her testimony was "supported by the medical evidence," and she is a "programmatic expert." (R. 38.) The regulations that govern plaintiff's application state that an ALJ will generally give more weight to the opinion of an examining medical source than to that of a non-examining source. 20 C.F.R. § 404.1527(c). However, they also direct ALJs to evaluate all medical opinions in accordance with a number of factors, including how consistent the opinion is with the record as a whole, whether the opining source is a specialist, and how well the opining source understands the SSA's disability programs and evidentiary requirements. *Id.* Because the ALJ considered the medical opinions in accordance with these factors, his decision to accord Dr. Monis's opinions more weight than those of Dr. Samardzija is not a basis for remand.[2]

Plaintiff also contests the ALJ's subjective symptom analysis, which the Court will disturb only if it is "patently wrong." *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019) (quotation omitted). The ALJ said "there is not sufficient objective support for the consistency, frequency,

---

[1] Plaintiff also contends that the ALJ rejected the opinions of Drs. Hsin and Sheynin only because they were rendered post-DLI. (ECF 19 at 12.) However, the ALJ's decision shows that the timing of the opinions was only one of a number of factors the ALJ considered. (*See* R. 39-40.)

[2] Plaintiff also contends that the ALJ should not have credited the opinions of testifying expert Dr. Todd over those of Dr. Samardzija. However, Dr. Todd testified that the records he reviewed did not enable him to determine whether plaintiff's physical symptoms were cause by psychological impairments. (R. 54-56.) Thus, his testimony is not in tension with Dr. Samardzija's opinions.

or the symptom level that [plaintiff] alleges she had proximate to June 2015" because pre-DLI: (1) plaintiff had not received inpatient mental health treatment or psychiatric counseling; (2) plaintiff's mental impairments had been treated with medication by her primary care provider; and (3) plaintiff generally responded to that treatment. (R. 29, 37.) Moreover, he said plaintiff complained of dizziness pre-DLI, but her complaints stopped in October 2014 and did not resume until after the DLI. (R. 34-35.) Similarly, the ALJ noted that plaintiff complained about weakness and fatigue pre-DLI, but she reported improvements in both after starting Wellbutrin in 2014. (*Id.*) Because the ALJ's symptom analysis is not patently wrong, *i.e.*, does not lack explanation or support, *Murphy v. Colvin*, 759 F.3d 811, 816 (7th Cir. 2014), it is not a basis for remand.

Lastly, citing to *O'Connor-Spinner v. Astrue*, 627 F.3d 614, (7th Cir. 2010), plaintiff contends that the RFC does not adequately account for her limitations in concentration, persistence, or pace. (ECF 19 at 15.) In *O'Connor*, the Seventh Circuit said an ALJ's use of "terms like 'simple, repetitive tasks'" in a hypothetical posed to a vocational expert ("VE") "will not necessarily exclude from the VE's consideration those positions that present significant problems of concentration, persistence and pace." *Id.* at 620. Unlike the ALJ in *O'Connor*, the ALJ here asked the VE to identify jobs suitable for a person who, among other things, could not perform fast-paced tasks. (R. 99-100; *see* R. 38 (ALJ finding that "[t]here was also a moderate pace deficit due to mental fatigue, which functionally caused moderate limitation in ability to complete a workday without symptoms and perform at a consistent pace, therefore, she could not perform fast-paced tasks.").) In short, the ALJ's hypothetical adequately accounted for plaintiff's persistence and pace limitations.[3]

---

[3] Plaintiff also argues that the RFC is flawed because it does not incorporate limitations to which Drs. Hsin and Samardzija opined. (ECF 19 at 15-16.) However, as discussed *supra*, the ALJ reasonably rejected these doctors' opinions. Thus, his failure to include limitations from them in the RFC is not error.

6

**Conclusion**

For the reasons set forth above, the Court affirms the acting Commissioner's decision, grants the acting Commissioner's motion for summary judgment [26], and terminates this case.

**SO ORDERED.**                             **ENTERED:  August 16, 2022**

**M. David Weisman**
**United States Magistrate Judge**